OPINION OF THE COURT
Smith, J.
Petitioner Westchester Creek Corporation (WCC) commenced this proceeding in the Appellate Division pursuant to Eminent Domain Procedure Law § 207 to annul School Construction Authority’s (SCA) determination to condemn its leasehold interest in property (Lot 70) located in the Bronx and owned by the City of New York. In 1976, the City leased Lot 70, as well as six other nearby parcels, to WCC under a master lease for a term of 90 years (including renewal options), pursuant to an urban renewal plan approved by the now-defunct Board of Estimate. In 1987, Lot 70 was severed from the master lease and made subject to a severance lease with a similar term. Although WCC has developed four of the parcels, it has performed only minimal predevelopment work on Lot 70.
SCA now has condemned Lot 70 in order to construct an elementary/intermediate school on the site. It is expected that students attending three other schools — each operating at over 100% capacity — will enroll at the school. SCA originally identified Lot 70, and a few other nearby properties, as potential locations for the school. In furtherance of the selection of an appropriate site for the school, local Community School Boards 10 and 11 held a joint public hearing on January 23, 2001, at which they adopted motions supporting the selection of Lot 70.
On February 7, 2001, SCA provided the Mayor and City Council written notice of its intention to use Lot 70 through the submission of a site plan pursuant to Public Authorities Law § 1732. The City Council approved the site plan by resolution, and the Mayor did not object. SCA then held a public hearing on March 12, 2001, to consider and receive public comment regarding the general project plan for the proposed school and the acquisition of Lot 70 by condemnation, if necessary. Although WCC submitted a written opposition to the use. of Lot 70, SCA’s president issued a determination that “SCA should exercise its power of condemnation in order to implement” the school project, as the project would “help relieve the severe overcrowding which exists in Community School District 11, Bronx.” Supreme Court entered an order condemning WCC’s leasehold interest in Lot 70 on June 5, 2001. SCA now *302 intends to open the school at the beginning of the September 2003 school year.
On appeal from the order of the Appellate Division confirming SCA’s determination, WCC argues that SCA lacks the statutory authority to condemn Lot 70; that as expressed by the Legislature, use for urban renewal is superior to use as a public school; and that it has a state constitutional right to develop Lot 70. We agree with the Appellate Division insofar as it rejected these arguments.
Although section 1728 (6) of the Public Authorities Law confers on SCA broad condemnation powers, the condemnation of City property, or property in which the City has an interest, must comply with section 1729 (2), under which SCA must submit a written request for the property directly to the Mayor. SCA may condemn the property under section 1728 (6) if the Mayor does not respond to the request within 30 days. We conclude that in this case the written notice sent by SCA to the Mayor effectively complied with section 1728 (6).
Next, we find that the prior public use doctrine does not bar the condemnation of this property.* On the contrary, the Public Authorities Law expressly permits the condemnation of City-owned property, provided that the City, through its Mayor, is first given the right to object to such taking (see Public Authorities Law § 1728 [6]; § 1729 [2]). The importance of urban renewal does not dictate a different result.
While the Legislature has stated that urban redevelopment is “a superior public use” (Private Housing Finance Law § 119), the Legislature has also stated that “[t]here can be no higher priority than creating a physical environment in the schools that fosters rather than impedes, the education of our children” (New York City School Construction Authority Act, L 1988, ch 738, § 1). To further that end, section 1728 (17) authorizes SCA “[t]o do any and all things necessary or convenient to carry out and exercise the powers given and granted by this section.” In this case, SCA seeks to condemn the property in order to provide schools to relieve severe overcrowding in two districts.
Section 1728 (6) of the Public Authorities Law expressly provides for the condemnation of property “owned by, or subject to any interest therein, of the city of New York.” Under the statute, SCA may not proceed with such condemnation until it *303 has submitted a request for the property to the Mayor and 30 days have passed without the Mayor denying the request (see Public Authorities Law § 1729 [2]). As SCA has complied with these procedures, it was authorized to condemn the property (see Matter of Central Hudson Gas & Elec. Corp., 234 App Div 530 [3d Dept], affd 259 NY 569 [1932]).
Finally, as the Appellate Division found, while article XVIII, § 1 of the New York State Constitution gives the Legislature the power to establish urban renewal projects, it does not confer any protection on redevelopers against condemnation. By contrast, SCA has unquestioned authority to act to relieve the severe overcrowding in Community School Districts 10 and 11.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Kaye and Judges Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order affirmed, with costs.

 We assume without deciding that WCC has standing to assert this doctrine.